IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KNIGHT MANUFACTURING CORP.,**

**Plaintiff,**

**v.**

**EMPIRE DOCK, INC.,**

**Defendant.**           Case No. 17-cv-271-DRH-RJD

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Pending before the Court is plaintiff Knight Manufacturing Corp.'s motion to remand this action to the Circuit Court of Hardin County, Illinois, for lack of subject matter jurisdiction (Doc. 17). Plaintiff Knight Manufacturing Corp. (hereinafter "Knight") argues that there is no diversity of citizenship between the parties (Doc. 17). Defendant Empire Dock, Inc., (hereinafter "Empire") responded arguing that diversity jurisdiction does in fact exist, and requests that the Court deny plaintiff's motion (Doc. 23). For the following reasons, the Court denies plaintiff's motion to remand.

### II. BACKGROUND

Plaintiff Knight originally filed an action arising from the same operative facts as the instant case on February 8, 2017, in the Circuit Court of Hardin

County, Illinois (1-1). Knight's state court complaint names Empire Dock, Inc., as the defendant of a breach of contract claim. Knight alleges that that it supplied Empire "with a towboat and towboat crew to be used to deliver and pick up barges at Empire's dock, to fleet said barges, and pump said barges." (*Id.*).

On March 15, 2017, Empire removed this case to the United States District Court for the Southern District of Illinois asserting this Court has diversity jurisdiction and admiralty jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1333, 28 U.S.C. §§ 1441(a), 1441(b) and 1446 (Doc. 1). For purposes of 28 U.S.C. § 1332, plaintiff Knight Manufacturing Corp., is a citizen of Illinois, the place of its incorporation, and also its principal place of business (Doc. 1-1). Defendant Empire Dock Inc., is a citizen of Pennsylvania, the place of its incorporation. The location of Empire's principal place of business is at issue in the pending motion to remand. In addition to pleading diversity jurisdiction, Empire asserts that this Court also has subject matter jurisdiction over this matter "because the underlying claim is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333." (*Id.*).

On April 14, 2017, Knight filed a motion to remand this matter back to Hardin County Circuit Court (Doc. 17). In support of the motion, Knight argues that this Court lacks subject matter jurisdiction because complete diversity does not exist in this case. Specifically, Knight argues that Empire's principal place of business is Golconda, Illinois, thus destroying diversity, and because there is no

basis for removal under admiralty jurisdiction (Doc. 18). Defendants oppose remand, arguing that a corporation is not a citizen of every state in which it does business, and Empire's principal place of business is, in fact, located in Saint Clairsville, Ohio (Doc 23). On May 10, 2017, Empire filed a motion to amend their notice of removal (Doc. 20), which the Court granted, and on May 19, 2017, Empire filed its amended notice of removal (Doc. 25).[1]

### III. LAW AND APPLICATION

#### a. Removal

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

---

[1] Following entry of the Court's Order, Knight filed a motion to reconsider in order to voice its opposition to the motion to amend (Doc. 26). The Court granted their motion and a response opposing the amendment was filed (doc. 28). However, upon review of the response, the Court allowed Empire's amended notice of removal to stand.

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The monetary threshold is undisputed. The issue is whether complete diversity exists between the parties.

### b. Motion to Remand

In Knight's motion to remand, Knight contends that this case should be remanded back to state court for lack of subject matter jurisdiction because Empire's claimed basis for diversity is inadequate, namely that Empire listed Ohio as its "primary place of business" rather than its principal place of business in the notice of removal. Further, Knight alleges that "according to Illinoisregistry.org, defendant "is an entity created in Illinois" (Doc. 18-1), and Empire's principal place of business is actually located in Golconda, Illinois (Doc. 18).

Upon review of the pleadings and in light of defendant's amended notice of removal, the Court rejects plaintiff's analysis. A corporation is a citizen of both the state where it is incorporated and the state containing its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its

"nerve center," or, "more concretely, where its executive headquarters are located." *Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation has only one principal place of business, and although Empire may well do a considerable amount of its business in Illinois, the undisputed factual record establishes that its corporate nerve center is located in Ohio.

Moreover, any confusion caused by the terminology used in Empire's Notice of Removal was remedied with the filing of Empire's Amended Notice of Removal (Doc. 25), which clearly identifies Empire's principal place of business as Saint Clairsville, Ohio. Empire's corporate headquarters are located at 46226 National Road W., Saint Clairsville, Ohio 43950. Also, as noted in the President of Empire's affidavit, "Empire's day-to-day operations are directed, controlled, and coordinated out of Empire's corporate headquarters in Saint Clairsville, Ohio." (Doc. 23-1). Excluding the company's president, "all of Empire's other directors and executives are based out of Saint Clairsville, Ohio and spend a majority of their time there.... All major business, operational, strategy, financial, policy and legal decisions, including those related to loading and unloading barges, transporting coal on barges, and dock facility and personnel decisions, are made in the Saint Clairsville, Ohio headquarters." (Doc. 23-1). Therefore, for purposes of determining diversity jurisdiction, Empire's principal place of business is located in Saint Clairsville, Ohio, and complete diversity exists in this case.

## IV.  CONCLUSION

For the reasons stated above, plaintiff's motion to remand is **DENIED** (Doc. 17).

**IT IS SO ORDERED.**

Judge Herndon
2017.12.20 15:01:03
-06'00'

**United States District Court Judge**