IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KNIGHT MANUFACTURING CORP.,

Plaintiff,

v.

EMPIRE DOCK, INC.,

Defendant.                                    Case No. 17-cv-271-DRH-RJD

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Now before the Court is defendant Empire Dock, Inc.'s motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) (Doc. 30). Plaintiff Knight Manufacturing Corp. (hereinafter "Knight") responded arguing that defendant's motion should be denied for a multitude of reasons (Doc. 37). For the reasons set forth below, the motion for judgment on the pleadings is denied.

### II. BACKGROUND

Knight originally filed an action arising from the same operative facts as the instant case on February 8, 2017, in the Circuit Court of Hardin County, Illinois (Doc. 1-1). Knight's state court complaint names Empire Dock, Inc., (hereinafter "Empire") as the defendant of a breach of contract claim. Knight alleges that on or July 1, 2009, it entered into a Barge Fleeting Agreement to

supply Empire "with a towboat and towboat crew to be used to deliver and pick up barges at Empire's dock, to fleet said barges, and pump said barges." (Doc. 1-1, ¶ 7). Pursuant to the Agreement and its amendments, Knight alleges that Empire agreed to pay for the towboat and crew from July 1, 2009, until December 31, 2017. (Doc. 1-1, ¶ 8). Empire allegedly breached the agreement when it failed to pay Knight after its December 31, 2015 payment, and thereafter, when it terminated the agreement in a letter dated January 6, 2017 (Doc. 1-1, ¶¶ 10, 11). As a result of the alleged breach, Knight claims that it was damaged in the amount of $1,947,240. (Doc. 1-1, ¶ 12).

On March 15, 2017, Empire removed this case to the United States District Court for the Southern District of Illinois asserting this Court has diversity jurisdiction and admiralty jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1333, 28 U.S.C. §§ 1441(a), 01441(b) and 1446 (Doc. 1). Empire asserts that this Court also has subject matter jurisdiction over this matter "because the underlying claim is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333." (*Id.*).

On April 14, 2017, Knight filed a motion to remand this matter back to Hardin County Circuit Court for lack of jurisdiction (Doc. 17), which the Court denied (Doc. 39). On October 25, 2017, Empire filed the pending motion for judgment on the pleadings (Doc. 30). In support of the motion, Empire argues

that the plain language of the Barge Fleeting Agreement (Doc. 1-1, pg. 4-11) at issue leaves no doubt that it does not meet the necessary legal predicates to be a requirements contract. Knight opposes the motion, arguing that (1) it has alleged sufficient factual content to allow this Court to conclude that Empire is liable; (2) Empire's argument fails to cite, or even refer to, the proper body of law in this maritime suit; (3) Empire ignores the fact that it guaranteed certain payments to Knight under clear terms of the Barge Fleeting Agreement at issue, through December 31, 2017; and (4) the Barge Fleeting Agreement contains an explicit termination provision based on a specific period of duration, and includes no provision permitting a party to unilaterally terminate the agreement, as attempted by defendant (Doc 37). The Court now turns to the merits of the motion.

### III. <u>LAW AND APPLICATION</u>

A motion for judgment on the pleadings pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *ADM All. Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017). The district court must view all of the facts in a light most favorable to the non-moving party, and only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *Id.* In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments incorporated by reference into, and attached to, those pleadings. See *Pisciotta*

v. *Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

As an initial matter, the Court notes that Knight correctly points out that maritime law governs its breach of contract claim. In determining whether a contract falls within admiralty, a court's inquiry focuses on whether the contract relates to the navigation, business or commerce of the sea. 28 U.S.C.A. § 1333(1). As the Seventh Circuit articulated in *R. Maloblocki & Associates, Inc. v. Metropolitan Sanitary District of Greater Chicago,* "the only question is whether the transaction relates to ships and vessels, masters and mariners, as the agents of commerce, on navigable waters.... The contract must be wholly maritime in nature, and relate to trade and commerce upon navigable waters." 369 F.2d 483, 484–85 (7th Cir.1966)(internal citations omitted) (finding that a contract does not relate directly to navigation simply because its performance "affect[s] navigation"; "the vital question of admiralty jurisdiction is the nature of the transaction"); see also *Norfolk S. Ry. Co. v. Kirby,* 543 U.S. 14, 25 (2004) (finding intermodal transportation contracts to be maritime contracts "because their primary objective is to accomplish the transportation of goods by sea"). Here, there is no question that Barge Fleeting Agreement at issue is governed by maritime law.

As pointed out by Knight, as well as by Empire in its notice of removal, contracts for barge fleeting and piloting of vessels clearly fall within maritime contract jurisdiction. See, e.g., *Exxon Corp. v. Central Gulf Lines, Inc.*, 500

U.S. 603, 610-11 (1991); *Medema v. Gombo's Marina Corp*., 97 F.R.D. 14, 15-17 (N.D. Ill. 1982) (Roszkowski, J.). Thus, not only do Knight's complaint and Empire's notice of removal specifically invoke the Court's admiralty jurisdiction, but the underlying contract in this case also clearly implicates admiralty jurisdiction. (Doc 37-2, ¶ 13). Paragraph 13 of the Barge Fleeting Agreement specifies:

> GOVERNING LAW: The provisions of this Agreement and all rights and obligations hereunder shall be governed by and construed in accordance with the laws of the United States as applied to admiralty and maritime contracts and causes of action under the General Maritime Law, and to the extent no such law applies to a particular issue then the laws of the State of Illinois shall apply.

(Doc. 37-2, ¶13).

Looking to Empire's arguments in favor of judgment on the pleadings, Empire first argues that the plain language of the Barge Fleeting Agreement reveals that Empire had to request that Knight perform services, and Knight, in turn, had to actually perform those services as consideration before Knight could collect payment (Doc. 30, pg. 6). Empire relies on the language of the Barge Fleeting Agreement to support this proposition, specifically paragraph 10, and Exhibit A to the Agreement. Paragraph 10 states:

> FEES: In consideration of the performance by Fleeter of the Services, Empire shall pay to Fleeter the fees set forth on Exhibit A.

(Doc. 37-1, pg. 5). Further, Empire argues that the Barge Fleeting Agreement is a buyer's option contract, not a requirements contract.

In response, Knight emphasizes that consideration is present as part of the Barge Fleeting Agreement, as Knight undertook a number of obligations in consideration of Empire's guaranteed minimum weekly payment. Further, Knight highlights that under maritime law, a "guarantee" is interpreted in accordance with its everyday meaning. *Sander v. Alexander Richardson Invest.*, 334 F.3d 712, 716 (8th Cir. 2003). "If the language of the contract unambiguously provides an answer to the question at hand, the inquiry is over." *Taracorp v. NL Indus.*, 73 F.3d 738, 743 (7th Cir. 1996); *LaSalle Nat'l Bank v. Serv. Merchandise Co.*, 827 F.2d 74, 78 (7th Cir. 1987).

The Court interprets maritime contracts within their normal and everyday meaning. *Sander*, 334 F.3d at 716. Upon review of the Barge Fleeting Agreement, there is no language within the Agreement that indicates that the guarantee provision of the contract is dependent on Empire's request for service. The Barge Fleeting Agreement is for a specific duration that was set to commence on July 1, 2009 and was extended until December 31, 2017." (Doc. 37-2, pg. 7 ¶2.1).[1] Under clear terms of the Barge Fleeting Agreement and fees set forth in Exhibit A, Empire guaranteed certain payments to Knight through December 31, 2017. Further, the Agreement did not include an applicable provision permitting a party to unilaterally terminate the agreement prior to the

---

[1] The only other provision touching on termination of the Agreement states that if Knight fails to perform to Empire's standards, within ten days after receiving written notice of the claimed violation of Empire's standards, Empire may terminate the Agreement with 30 days written notice (Doc. 37-2, pg. 4 ¶12). However, such an allegation has not been raised, and that provision is not applicable.

agreed expiration date. Empire's argument that the guarantee of payment language has no meaning in the face of the "when requested" language fails. The Barge Fleeting Agreement is clearly a contract for fleeting services with a minimum amount guaranteed. Accordingly, Empire's motion is denied.

IV. **CONCLUSION**

For the reasons stated above, defendant's motion for judgment on the pleadings is **DENIED** (Doc. 30).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.01
17:29:42 -05'00'

United States District Court Judge